STEPHEN SCRUTON, *petitioner for review, versus* JOEL MOULTON.

Exceptions will not lie to the denial of a review by a Judge at *Nisi Prius*, in the exercise of his discretion, and where there is no direction, opinion or judgment given in matter of law.

PETITION FOR REVIEW of a judgment of this Court, recovered by the respondent against the petitioner in the year 1856. The petition was filed at the August term, 1856. At the April term, 1858, a hearing was had thereon before GOODENOW, J., who denied a review. The counsel for the petitioner thereupon alleged EXCEPTIONS to the decision of the presiding Judge, making a report of the evidence adduced at the hearing, a part of his bill.

The exceptions were argued by

*Webster*, for petitioner, and by

*T. A. D. Fessenden*, for respondent.

The opinion of the Court was drawn up by

TENNEY, C. J.—By the statutes of 1821, c. 57, § 1, the Justices of this Court were empowered, (if they saw fit,) to grant reviews of causes. By the revision of the statutes of 1841, c. 123, § 1, the power is given to the Justices, &c., to grant reviews in all civil suits, &c., whenever they shall judge it reasonable, and for the advancement of justice. It was a matter of discretion with the whole Court, under these statutes, to grant or to refuse the reviews.

By the statutes of 1852, c. 246, § 13, all petitions for review may be determined by the presiding Justice, &c., subject to exceptions to any matter of law, by him decided and determined. By the revision of the statutes of 1857, c. 89, § 1, the Supreme Judicial Court may grant one review in civil actions. It is provided in the statutes of 1857, c. 77, § 27, that when the Court is holden by one Justice, a party aggrieved by any of his opinions, directions or judgments in any civil or criminal proceeding, &c., may, during the term, present written exceptions, &c. This is similar to the provision in R. S. of 1841, c. 96, § 17. And it has always been held that this embraced only opinions, directions and judgments which were such in matters of law.

The case of *Murphey* v. *Glidden*, 34 Maine, 196, is relied upon by the petitioner as favoring, at least, a different construction of the statute. In that case, the question was whether the complainant, in a bastardy process, was competent to testify as a witness, she being objected to on the ground that she had not continued constant in her accusation against the respondent. This was a question for the Court, and not the jury. The evidence was reported, without the conclusion of the Judge upon the evidence introduced, in relation to the question, whether the complainant had continued constant or otherwise. The evidence being reported, it was for the Court to determine whether, upon that evidence, she was competent or not, as a question of law.

In other cases referred to, upon petitions for review, the Judge has decided as matter of law, certain questions, and exceptions have been regarded as properly taken to such decisions, and have been entertained and heard by the law Court.

In the case presented, all the evidence adduced upon the hearing of the petition has been reported; and it does not appear that the Judge expressed any opinion, or gave any direction or judgment in matter of law; but he denied the

review, in the exercise of his discretion, upon the facts adduced in evidence. *Exceptions dismissed.*

HATHAWAY, CUTTING, GOODENOW, and DAVIS, J. J., concurred.